IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MONCLOVA CHRISTIAN ACADEMY, et al., | * | Case No. 3:20CV-2720 |
| | * | |
| Plaintiffs | | HON. JEFFREY J. HELMICK |
| | * | |
| vs. | | DEFENDANT TOLEDO-LUCAS |
| | * | COUNTY HEALTH DEPARTMENT'S PRELIMINARY MEMORANDUM |
| | * | OPPOSING PLAINTIFFS' MOTION FOR |
| TOLEDO-LUCAS COUNTY HEALTH DEPARTMENT, | | TEMPORARY RESTRAINING ORDER |
| | * | |
| | | Julia R. Bates |
| | * | Lucas County Prosecuting Attorney |
| Defendant. | | By: Kevin A. Pituch (0040167) |
| | * |     John A. Borell (0016461) |
| | | Assistant Prosecuting Attorneys |
| | * | Lucas County Courthouse, Suite 250 |
| | | Toledo, Ohio 43624 |
| | * | Fax: (419) 213-2011 |
| | | Counsel for the Toledo-Lucas County |
| | * | Health Department |
| | | E-mail: kpituch@co.lucas.oh.us |
| | * | E-mail: jaborell@co.lucas.oh.us |

    Plaintiffs Monclova Christian Academy, St. John Jesuit High School and Academy, and Emmanuel Christian School have filed a civil rights, injunctive relief, and declaratory judgment action against the Toledo-Lucas County Health Department. See, *Verified Complaint for Declaratory and Injunctive Relief*, United States District Court Case No. 3:20CV-2720 (Dec. 7, 2020). Plaintiffs are asking the Court for temporary restraining order on the ground that a school-closing order issued by the Health Department (on November

1

25 and then again, as amended, on December 3, 2020–see Exhibit No. 3--attached to the *Verified Complaint*) violates their rights under the *First* and *Fourteenth Amendments, United States Constitution*. *Motion for Temporary Restraining Order*, Case No. 3:20CV-3720 )(Dec. 7, 2020). Plaintiffs argue that the school-closing order improperly infringes upon their religious educational freedom, as protected under the *First* and *Fourteenth Amendments,* even though the order applies to all schools, public and private, grades 7-12, located in Lucas County, Ohio, applies for a limited time (from December 4, 2020 to January 11, 2020), and contains an exemption for "religious educational classes or religious ceremonies." See, Exhibit 3, *Verified Complaint,* Case No. 3:20CV-2720.

The Health Department opposes plaintiffs' motion and, while its arguments can, and most likely will be, more fully developed at the hearing for the TRO motion, it wishes to make two points prior to the hearing. First, the Health Department's school-closing order is expressly authorized under *Ohio Revised Code* 3707.26. Section 3707.26 states:

> "Semiannually, and more often, if in its judgment necessary, the board of health of a city or general health district shall inspect the sanitary condition of all schools and school buildings within its jurisdiction, and may disinfect any school building. During an epidemic or threatened epidemic, or when a dangerous communicable disease is unusually prevalent, the board may close any school and prohibit public gatherings for such time as is necessary."

Under Ohio law, a county health department is a "creature of statute" which "has such powers only as are expressly conferred on it together with such powers as are necessarily implied." *Mack v. City of Toledo*, 6th Dist. Lucas No. L-19-1010, 2019-Ohio-5427 ¶38. Here, the Health Department has been granted the authority to close schools in times of epidemic but it does not have the statutory authority to close or regulate other businesses or entities within Lucas County. Thus, plaintiffs' contention that the Health Department has closed all

religious schools while ignoring Lucas County restaurants, bars, and even the Hollywood Casino, is irrelevant. See, *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 261, 773 N.E.2d 536 (2002)(rejecting the Health Department's argument that it had the power, absent express statutory authority, to prohibit smoking in Lucas County).

Second, one can read all twenty-seven pages of the *Verified Complaint* as well as the seventeen-page *Motion for Temporary Restraining Order* and not see that relevant authority exists on the religious freedom issues raised in this case. See, *Commonwealth of Kentucky ex rel Danville Christian Academy, Inc, v. Beshear,* – F3d – Sixth Circuit Court of Appeals Case No. 20-6341 (Nov. 29, 2020) 2020 U.S. App. LEXIS 37413 (attached hereto as Exhibit A). In *Danville Christian Academy*, the Governor of the Commonwealth of Kentucky issued a school-closing order for all schools located in the Commonwealth (an order that is more restrictive than that issued by the Health Department in this case) and the United States District Court for the Eastern District of Kentucky enjoined its operation holding that the Governor's order violated the plaintiffs' religious freedom rights. However, the Sixth Circuit Court of Appeals granted the Governor's motion to stay enforcement of the District Court's injunction stating: "We are not in a position to second-guess the Governor's determination regarding the health and safety of the Commonwealth at this point in time." Exhibit A, *supra*. The Court granted a stay of the District Court's injunction holding that plaintiffs were not likely to succeed on the merits of their case because it would rule the school-closing order was neutral and of general applicability as it applies to all public and private elementary and secondary schools in Kentucky, religious or otherwise. *Id.* The Health Department submits that *Danville Christian Academy* is relevant authority and it should control the Court's

3

decision in this case. Note–the *Danville Christian Academy* plaintiffs have asked the United States Supreme Court to intervene (United States Supreme Court Case No. 20A96) but as of the writing of this memorandum, it has not done so.

As a result, the Health Department asks the Court to deny plaintiffs' request for a temporary restraining order on the ground that their request falls short of the standard necessary for such relief under the *First* and *Fourteenth Amendments*.

Respectfully submitted,

JULIA R. BATES
LUCAS COUNTY PROSECUTING ATTORNEY

By:/s/ Kevin A. Pituch
Kevin A. Pituch
John A. Borell
Assistant Prosecuting Attorneys
Counsel for Toledo-Lucas County
Health Department

CERTIFICATION

A copy of the foregoing Memorandum was sent to all counsel of record by the Court's electronic filing system.

By:/s/ Kevin A. Pituch
Kevin A. Pituch
John A. Borell
Assistant Prosecuting Attorneys
Counsel for the Toledo-Lucas County
Health Department