UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Monclova Christian Academy, *et al.*,                     Case No. 3:20-cv-2720

        Plaintiff,

v.                                                                                    ORDER

Toledo – Lucas County
Health Department,

        Defendant.

On December 14, 2020, I issued a Memorandum Opinion and Order denying the motion for a temporary restraining order filed by Plaintiffs Monclova Christian Academy, St. John's Jesuit High School & Academy, Emmanuel Christian School, and Citizens for Community Values, doing business as the Ohio Christian Education Network ("OCEN") (collectively, "Plaintiffs"). (Doc. No. 9). I concluded Plaintiffs had not shown they are likely to succeed on the merits of their claims and instructed the parties to notify me regarding the next steps concerning Plaintiffs' motion for a preliminary injunction. (*Id.* at 15).

Plaintiffs have filed a motion to convert my order into one addressing Plaintiffs' motion for a preliminary injunction as well. (Doc. No. 10). Defendant the Toledo – Lucas County Health Department ("TLCHD"), does not oppose Plaintiffs' motion.

Plaintiffs assert, and I agree, that "the issues relating to the Temporary Restraining Order and Preliminary Injunction [motions] are principally matters of law." (*Id.* at 1). The Sixth Circuit has held a hearing on a plaintiff's request for a preliminary injunction "is only required when there

are disputed factual issues, and not when the issues are primarily questions of law." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007); *see also ABX Air, Inc. v. Int'l Bhd. of Teamsters*, No. 1:16-CV-1096, 2016 WL 7117388, at *5 (S.D. Ohio Dec. 7, 2016) ("When the opposing party is on notice, 'the linguistic difference' between a TRO and a preliminary injunction 'is largely academic as the same factors apply to both.'") (citation omitted).  I conclude a preliminary-injunction hearing is not required.

Plaintiffs also assert "this case concerns matters of extreme urgency and any delay could render them moot."  (Doc. No. 10 at 1).  I again agree.  The TLCHD Resolution from which Plaintiffs' alleged First Amendment Free Exercise claims arise is of limited duration, as it currently is set to expire on January 11, 2021 at 8:00 a.m.  (Doc. No. 1-3 at 3).  While Plaintiffs' claims conceivably may fit within "the established exception to mootness for disputes capable of repetition, yet evading review," *Federal Election Commission v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 462 (2007), I see no reason to put the parties to the additional time and expense of reiterating their legal arguments prior to a ruling on Plaintiffs' motion for a preliminary injunction.

Therefore, I incorporate by reference my analysis and rulings set forth in my opinion denying Plaintiffs' motion for a temporary restraining order and deny Plaintiffs' motion for a preliminary injunction for those same reasons.  (*See* Doc. No. 10).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge