UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Monclova Christian Academy, *et al.*,   Case No. 3:20-cv-2720

    Plaintiff,

v.   ORDER

Toledo – Lucas County
Health Department,

    Defendant.

On December 14, 2020, I issued a Memorandum Opinion and Order denying the motion for a temporary restraining order filed by Plaintiffs Monclova Christian Academy, St. John's Jesuit High School & Academy, Emmanuel Christian School, and Citizens for Community Values, doing business as the Ohio Christian Education Network ("OCEN") (collectively, "Plaintiffs"). (Doc. No. 9). Plaintiff sought to prevent Defendant the Toledo – Lucas County Health Department ("TLCHD") from enforcing a resolution closing every school in Lucas County. I concluded Plaintiffs had not shown they are likely to succeed on the merits of their claims and denied their motion for a temporary restraining order and a preliminary injunction. (*Id.*; Doc. No. 11).

Plaintiffs then appealed. They requested an injunction pending appeal which prohibited the TLCHD from enforcing the resolution or otherwise prohibiting in-person attendance at Plaintiffs' schools. The United States Court of Appeals for the Sixth Circuit granted Plaintiffs' request on December 31, 2020, concluding Plaintiffs were in fact likely to succeed on the merits of their claims. *Monclova Christian Acad. v. Toledo-Lucas Cnty. Health Dep't*, 984 F.3d 477 (6th Cir. 2020). The TLCHD order expired, by its terms, on January 11, 2021. On June 21, 2022, the Sixth Circuit dismissed

Plaintiffs' appeal as moot, concluding it had "already decided all there is to decide." *Monclova Christian Acad. v. Toledo-Lucas Cnty. Health Dep't*, No. 20-4300, 2022 WL 2231935, at *1 (6th Cir. June 21, 2022).

Plaintiffs subsequently filed a motion for attorney fees and costs, pursuant to 42 U.S.C. § 1988, seeking an award of $117,873.50 in fees (calculated through May 2022), $907 in costs, and an amount to be determined as the fees and expert costs associated with pursuing a fee recovery. (Doc. No. 21). Plaintiffs also presented an affidavit from an expert witness regarding the reasonableness of the hours and rates submitted by Plaintiffs' counsel. (Doc. No. 22). TLCHD filed a brief in opposition to the motion, arguing Plaintiffs are not prevailing parties under § 1988 and therefore are not entitled to a fee award. (Doc. No. 23). TLCHD did not challenge the reasonableness of the amount of fees requested. Plaintiffs then filed a brief in reply. (Doc. No. 24).

Section 1988 permits a "court, in its discretion, may [award] the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" associated with a lawsuit to enforce a party's constitutional or civil rights. 42 U.S.C. § 1988(b). A litigant may be considered the "prevailing party" for purposes of § 1988 if the litigant obtains a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001).

The Sixth Circuit recently affirmed a district court's fee award in a substantially similar case. In *Roberts v. Neace*, 65 F.4th 280 (6th Cir. 2023), the plaintiffs sought and received preliminary injunctions on Kentucky's Covid-19 restrictions on religious gatherings based upon the argument that the restrictions "likely violated the Free Exercise Clause because [they] treated religious gatherings less favorably than comparable secular gatherings." *Id.* at 283 (citing *Roberts v. Neace*, 958 F.3d 409, 413-14 (6th Cir. 2020) (per curiam)). While the injunctions were in place, the Kentucky legislature enacted legislation limiting the governor's authority to issue similar Covid-19 orders.

*Roberts*, 65 F.4th at 283 (citing *Cameron v. Beshear*, 628 S.W.3d 61, 78 (Ky. 2021)). The district court then dismissed the case as moot and awarded attorney fees under § 1988. *Roberts*, 65 F.4th at 283.

The Sixth Circuit affirmed the fee award, reasoning the preliminary injunctions satisfied the prevailing-party requirement because the plaintiffs established they were likely to succeed on the merits of their claims and the "injunctions changed the legal relationship between the congregants and Governor Beshear because they stopped the Governor from enforcing his orders and allowed the congregants to act in ways that he had previously resisted." *Id.* at 284 (citation and internal quotation marks omitted). *See also id.* ("The injunctions, though preliminary, also qualify as enduring. The nature of the injunctions, the longevity of the relief, and the irrevocability of the relief all point in the same direction.").

The Sixth Circuit's decisions in this case fall within the same parameters as outlined in *Roberts*. The court of appeals first enjoined the TLCHD from enforcing the school closure order or otherwise prohibiting in-person attendance at Plaintiffs' schools during the pendency of the appeal after concluding Plaintiffs were likely to succeed on the merits of their claims. *Monclova Christian*, 984 F.3d at 482. The appellate court then dismissed the appeal of my order denying the preliminary injunctions as moot because (1) the challenged order had expired and (2) the legal issues presented were unlikely to reoccur. *Monclova Christian*, 2022 WL 2231935, at *1. I conclude the *Roberts* court's reasoning compels an award of fees and costs under § 1988 in this case as well.

Therefore, I grant Plaintiffs' motion, (Doc. No. 21), and award them $117,873.50 in fees and $907 in costs pursuant to § 1988. Further, I grant Plaintiffs leave to supplement their fee request with the amount of fees and costs associated with pursuing the fee recovery, within 14 days of the date of this Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3